UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABANOOB ABDEL-MALAK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, *et al.*,<br><br>　　　　Defendants. | Case No. 5:20-cv-00322-JWH-KKx<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR EMERGENCY PROTECTIVE ORDER AND TEMPORARY RESTRAINING ORDER [Dkt. No. 44]** |

On November 17, 2020, Plaintiff Abanoob Abdel-Malak moved *ex parte* for an emergency protective order and temporary restraining order, among other relief.[1] For the following reasons, Plaintiff's Application is **DENIED**.

Through the Application, Plaintiff seeks an emergency order on grounds that are mostly unintelligible. Plaintiff's Application appears to be related to the relief sought by Plaintiff in his prior applications, each of which this Court denied. Regardless, Plaintiff has not made the requisite showing for entry of an emergency protective order or temporary restraining order, let alone on an *ex parte* basis. "The opportunities for legitimate *ex parte* applications are extremely limited." *Lum v. Mercedes-Benz USA, LLC*, Case No. CV 11-09751 MMM (JCx), 2012 WL 13012454, at *4 (C.D. Cal. Jan. 5, 2012). To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Putting aside the merits of the relief that Plaintiff seeks, Plaintiff has failed to make any intelligible argument why the instant Application cannot be heard in accordance with regularly noticed motion procedures. It is not appropriate for Plaintiff to seek the relief at issue on an *ex parte* basis. In addition, Plaintiff failed to comply with L.R. 7-19, which sets forth the requirements for making an *ex parte* application.

/ / /

/ / /

---

[1] Pet'r's *Ex Parte* Appl. for an Emergency Protective Order and Temporary Restraining Order (the "Application") [Dkt. No. 44].

1 Based upon the foregoing, Plaintiff's Application is **DENIED.**

2 **IT IS SO ORDERED.**

4 Dated: November 24, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE